FIDELITY & GUARANTY FIRE CORPORATION *v.* GOFORTH.

4-3169.

Opinion delivered October 30, 1933.

*Cravens, Cravens & Friedman,* for appellant.

*Williams & Williams,* for appellee.

HUMPHREYS, J. Appellees brought suit against appellant in the circuit court of Benton County to recover $1,200 on a fire insurance policy for the loss by fire of their household goods and furnishings which were covered by the policy and for the statutory penalty, attorney's fee and costs.

Appellant filed an answer denying liability under the policy on the ground that appellees burned said property.

The cause was submitted to the jury upon the pleadings, testimony and instructions of the court, which resulted in a judgment against appellant for $1,524, including penalty and attorney's fee, from which is this appeal.

Testimony was introduced by appellant tending to show that the fire was of incendiary origin, and that at the time of the fire the appellees were not residing in their home, but with Mrs. Goforth's father-in-law, who lived about a mile from their home. It also introduced the testimony of Ed Buckmaster to the effect that, between eight and nine o'clock on the night of the fire he met a man coming from appellee's home, who spoke to him, then struck at him, and then ran away; that he chased the man for forty or fifty yards; that the man was about the same size of appellee, W. P. Goforth; that he had known W. P. Goforth all of his life. At this juncture, appellant's attorney asked the witness to state, in his judgment, who the person was he encountered. Over the

objection and exception of appellant, the court excluded the question and answer on the ground that the witness had theretofore stated he did not know who the person was. Appellant's attorney then stated that, if the witness were permitted to answer, he would state that, in his judgment, the person he saw was appellee, W. P. Goforth, and offered to make such proof by the witness. Appellees objected to the offer, which the court sustained over the objection of appellant.

In view of the fact that the witness had known W. P. Goforth all of his life, was close to him and chased him forty or fifty yards, it was competent for him to give his opinion as to whether it was Goforth. The weight to be attached to his opinion was for the jury. The court committed reversible error in excluding the evidence.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.